# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| **MILTON CORADO**<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015, | :<br>:<br>:<br>: |
| **AXEL FABRIZIO CORADO**<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015, | :<br>:<br>:   **Civil Action No.**<br>: |
| **EVANDER LOPEZ**<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015, | :<br>:<br>:<br>: |
| **HENRY CORADO**<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015, | :<br>:<br>:<br>: |
| **MARIO CORADO**<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015, | :<br>:<br>:<br>: |
| **FERNANDO CALDERON**<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015, | :<br>:<br>:<br>: |
|       **Plaintiffs,**<br>  **v.** | :<br>: |
| **DAY-DEBUT MECHANICAL, INC.**<br>3400 Potomac Avenue, Apt. 1217<br>Arlington, VA 22202<br>**Resident Agent**: Edgar J. Jiminez<br>13301 Center Lake Drive, Apt. 2108<br>Austin, TX 78753 | :<br>:<br>:<br>:<br>:<br>: |
| **EDGAR J. JIMINEZ,**<br>13301 Center Lake Drive, Apt. 2108<br>Austin, TX 78753 | :<br>:<br>: |
| **CHARLES A. KLEIN & SONS, INC.**<br>5220 Klee Mill Road,<br>Sykesville, MD 21784, | :<br>:<br>:<br>: |

| | |
|---|---|
| **HARKINS BUILDERS, INC.**<br>10490 Little Patuxent Pkwy., Suite 400<br>Columbia, MD 21044<br>**Resident Agent:** James C. Thompson, Jr.<br>10490 Little Patuxent Pkwy., Suite 400<br>Columbia, MD 21044<br><br>                    **Defendants.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

# COMPLAINT

Plaintiffs, Milton Corado, Axel Fabrizio Corado, Mario Corado, Henry Corado, Evander Lopez, and Fernando Calderon (collectively "Plaintiffs"), by and through their undersigned counsel, O'Donoghue & O'Donoghue, LLP, hereby bring suit against Defendants Day-Debut Mechanical, Inc. ("Day-Debut"), Edgar J. Jiminez ("Jiminez"), Charles A. Klein & Sons, Inc. ("Charles Klein"), and Harkins Builders, Inc. ("Harkins") (collectively "Defendants") to recover damages under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. § 3-501, *et seq.* ("MDWPCL"), and the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-431, *et seq.* ("MDWHL") as set forth below.

1. This action arises from work performed by the Plaintiffs on the Rosewick Apartments construction project located at approximately 5725 Washington Avenue and 134-138 Rosewick Road, La Plata, Maryland (the "Project"). Harkins is the General Contractor on the Project, Charles Klein served as the mechanical subcontractor on the Project, and Charles Klein utilized Day-Debut and Jiminez as labor brokers to provide Charles Klein with employees, including the Plaintiffs, to perform plumbing work on the Project.

2. As explained below, Defendants Charles Klein, Jiminez, and Day-Debut failed to pay Plaintiffs for a substantial part of their work on the Project, including for all straight time hours and overtime hours worked on the Project. Harkins, as the General Contractor on the Project, is

2

jointly and severally liable, along with Charles Klein, Jiminez, and Day-Debut, for all damages resulting from the failure to pay Plaintiffs for all straight time and overtime hours on the Project.

## PARTIES

3. Plaintiffs are adult residents of the State of Maryland. While working on the Project, Plaintiffs were "engaged in commerce" within the meaning of the FLSA and were employees of Defendants Charles Klein, Jiminez, and Day-Debut within the meaning of the FLSA, MDWPCL, and the MDWHL.

4. Defendant Charles Klein is a Maryland corporation that provides mechanical contracting services in the State of Maryland. Charles Klein regularly conducts business in Maryland. Charles Klein's principal place of business is located at 5200 Klee Mill Road, Sykesville, Maryland 21784. The address of Charles Klein's resident agent, Michael F. Klein, for service of process is 5220 Klee Mill Road, Sykesville, Maryland 21784.

5. Defendant Day-Debut is a corporation organized under the laws of the Commonwealth of Virginia with a principle office at 3400 Potomac Ave., Apt. 1217, Arlington, VA 22202. The address of Day-Debut's resident agent and owner, Edgar J. Jiminez, is 13301 Center Lake Drive, Apartment 2108, Austin, Texas 78753. Day-Debut regularly conducts business in Maryland and is a labor broker that provides workers to work on projects within Maryland, including on the instant Project.

6. Defendant Edgar J. Jiminez is a resident of the state of Texas, with an address of 13301 Center Lake Drive, Apartment 2108, Austin, Texas 78753, and is the owner and operator of Day-Debut. Jiminez regularly conducts business in Maryland and is a labor broker that provides workers to work on projects within Maryland, including on the instant Project.

7.     Defendant Harkins Builders, Inc. is a General Contractor and business organized under the laws of the State of Maryland with a principal office at 10490 Little Patuxent Parkway, Suite 400, Columbia, MD 21044. The address of Harkins' resident agent, James C. Thompson, Jr., for service of process is 10490 Little Patuxent Parkway, Suite 400, Columbia, MD 21044. Harkins was the General Contractor on the Project, which contracted with Charles Klein to perform the plumbing work on the Project.

8.     At all times relevant to this Complaint, Harkins, Charles Klein, Day-Debut and Jiminez were enterprises engaged in commerce within the meaning of the FLSA. Upon information and belief, at all times relevant to this Complaint, the annual gross volume of business of Harkins, Charles Klein, Jiminez, and Day-Debut exceeded $500,000. Additionally, Harkins, Charles Klein, Day-Debut, and Jiminez employed employees that were "engaged in commerce" within the meaning of the FLSA. Finally, employees of Harkins, Charles Klein, Day-Debut, and Jiminez handled, sold, or otherwise worked on goods and/or materials that had been moved in or produced for commerce for Defendants.

9.     At all times relevant to this Complaint, Charles Klein, Day-Debut, and Jiminez were "joint employers" of Plaintiffs within the meaning of the FLSA and Maryland law.

10.    At all times relevant to this Complaint, Plaintiffs completed 100% of their work for Defendants on the Project.

## JURISDICTION AND VENUE

11.    Plaintiffs are asserting causes of action for unpaid straight time and overtime wages that arise under the FLSA, MDWPCL, and MDWHL.

12.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court has subject matter jurisdiction under § 1331 because Plaintiffs' claims involve federal

questions, and the Court has supplemental jurisdiction over the Plaintiffs' pendant state law claims pursuant to 28 U.S.C. § 1367.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## FACTUAL ALLEGATIONS

14. Harkins is the General Contractor on the Project and contracted with Charles Klein to act as the mechanical subcontractor responsible for performing certain plumbing work on the Project.

15. Charles Klein is the mechanical subcontractor contracted to perform the plumbing work on the Project. Charles Klein utilized workers from labor brokers, Day-Debut and Jiminez, who provided the Plaintiffs to work for Charles Klein on the project, and then failed to pay them for all of the work they performed on the Project, including for overtime wages.

16. Throughout the time Plaintiffs performed work on the Project, Jiminez and Day-Debut were responsible for hiring Plaintiffs. Upon information and belief, Day-Debut and Jiminez retained time records for the work performed by Plaintiffs, which they then provided to Charles Klein.

17. Throughout the time Plaintiffs performed work on the Project, Charles Klein's representatives were on the job, providing material, directing Plaintiffs' work and controlling Plaintiffs' schedule, keeping time sheets retained by Charles Klein of the hours worked by Plaintiffs on the Project, and exercising the authority to direct Plaintiffs' work. Charles Klein's representatives had ultimate control over the manner and means by which work was performed by the Plaintiffs.

18. Defendants Charles Klein, Day-Debut and Jiminez established the wages that Plaintiffs were to be paid under the terms and conditions of their agreement. Neither Day-Debut nor Jiminez made any withholdings or deductions from Plaintiffs' pay for taxes.

19. Defendant Charles Klein provided the equipment and material for the Project to Plaintiffs.

20. From about June 5, 2023 to September 8, 2023, Charles Klein utilized Day-Debut and Jiminez as labor brokers to provide workers, including Plaintiffs, to work for Charles Klein on the Project.

21. From about June 5, 2023 to September 8, 2023, Charles Klein agreed to pay Day-Debut and/or Jiminez for the work performed by Plaintiffs on the Project, and Day-Debut and Jiminez agreed to pay Plaintiffs at set wage rates determined by Day-Debut and Jiminez.

22. The information below regarding the hours worked by Plaintiffs and the weeks for which they did not receive any or adequate pay are estimates and Plaintiffs reserve the right to amend the Complaint to correct or clarify these claims as additional facts become available.

23. Plaintiff Axel Corado was hired by Day-Debut, Jiminez and Charles Klein at the wage rate of $32.00 per hour and worked on the Project from about June 5 to September 8, 2023. Axel worked a total of 816.5 hours on the Project, including 256.5 overtime hours. Axel Corado should have been paid in full for all straight time hours in the amount of $17,920.00, plus $12,312.00 in overtime wages for the 256.5 overtime hours. However, Axel Corado was only paid $4,690.00 for all of his work on the Project and was not paid for any hours worked between about June 24, 2023 and September 8, 2023. Accordingly, Harkins, Charles Klein, Day-Debut and Jiminez owe Axel Corado $25,542.00 in unpaid straight time and overtime, exclusive of liquidated damages or penalties.

24. Plaintiff Evander Lopez was hired by Day-Debut, Jiminez and Charles Klein at the wage rate of $28.00 per hour and worked on the Project from about June 5 to September 8, 2023. Lopez worked a total of 766.5 hours on the Project, including 206.5 overtime hours. Lopez should have been paid in full for all straight time hours in the amount of $14,560.00, plus $10,353.00 in overtime wages for the 206.5 overtime hours. However, Lopez was only paid $4,114.47 for all of his work on the Project and was not paid for any hours worked between about June 24, 2023 and September 8, 2023. Accordingly, Harkins, Charles Klein, Day-Debut and Jiminez owe Lopez $20,798.53 in unpaid straight time and overtime, exclusive of liquidated damages or penalties.

25. Plaintiff Henry Corado was hired by Day-Debut, Jiminez and Charles Klein at the wage rate of $28.00 per hour and worked on the Project from about June 5 to September 8, 2023. Henry Corado worked a total of 766.5 hours on the Project, including 206.5 overtime hours. Henry Corado should have been paid in full for all straight time hours in the amount of $14,560.00, plus $10,353.00 in overtime wages for the 206.5 overtime hours. However, Henry Corado was only paid $4,114.47 for all of his work on the Project and was not paid for any hours worked between about June 24, 2023 and September 8, 2023. Accordingly, Harkins, Charles Klein, Day-Debut and Jiminez owe Henry Corado $20,798.53 in unpaid straight time and overtime, exclusive of liquidated damages or penalties.

26. Plaintiff Milton Corado was hired by Day-Debut, Jiminez and Charles Klein at the wage rate of $35.00 per hour and worked on the Project from about June 5 to September 8, 2023. Milton Corado worked a total of 860.5 hours on the Project, including 300.5 overtime hours. Milton Corado should have been paid in full for all straight time hours in the amount of $19,600.00, plus $15,776.25 in overtime wages for the 300.5 overtime hours. However, Milton Corado was only paid $5,121.64 for all of his work on the Project and was not paid for any hours worked

between about June 24, 2023 and September 8, 2023. Accordingly, Harkins, Charles Klein, Day-Debut and Jiminez owe Milton Corado $30,254.61 in unpaid straight time and overtime, exclusive of liquidated damages or penalties.

27. Plaintiff Mario Corado was hired by Day-Debut, Jiminez and Charles Klein at the wage rate of $35.00 per hour and worked on the Project from about June 5 to September 8, 2023. Mario Corado worked a total of 816.5 hours on the Project, including 256.5 overtime hours. Mario Corado should have been paid in full for all straight time hours in the amount of $19,600.00, plus $13,466.25 in overtime wages for the 256.5 overtime hours. However, Mario Corado was only paid $5,121.64 for all of his work on the Project and was not paid for any hours worked between about June 24, 2023 and September 8, 2023. Accordingly, Harkins, Charles Klein, Day-Debut and Jiminez owe Mario Corado $27,944.61 in unpaid straight time and overtime, exclusive of liquidated damages or penalties.

28. Plaintiff Fernando Calderon was hired by Day-Debut, Jiminez and Charles Klein at the wage rate of $28.00 per hour and worked on the Project from about July 3, 2023 to September 2, 2023. Calderon worked a total of 533.5 hours on the Project, including 173.5 overtime hours. Calderon should have been paid in full for all straight time hours in the amount of $10,080.00, plus $7,287.00 in overtime wages for the 173.5 overtime hours. However, Calderon was only paid $3,599.78 for all of his work on the Project and was not paid for any hours worked between about July 17, 2023 and September 2, 2023. Accordingly, Harkins, Charles Klein, Day-Debut and Jiminez owe Calderon $13,767.22 in unpaid straight time and overtime, exclusive of liquidated damages or penalties.

## COUNT I
## VIOLATIONS OF THE MINIMUM WAGE AND
## <u>OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT</u>

29. Plaintiffs hereby restate and incorporate by reference each of the preceding paragraphs as if fully set forth herein.

30. Defendants Charles Klein, Day-Debut, and Jiminez were "employers" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d), and are also "joint employers" within the meaning of the FLSA and Maryland law.

31. Defendants Charles Klein, Jiminez and Day-Debut were each an enterprise engaged in commerce and/or Plaintiffs were engaged in commerce within the meaning of 29 U.S.C. §§ 203(s), 207(a) and 215(a).

32. Plaintiffs were "employees" of Defendants Charles Klein, Day-Debut, and Jiminez within the meaning of the FLSA. 29 U.S.C. § 203(s).

33. Defendants violated the minimum wage provisions of the FLSA by failing to pay Plaintiffs for their work on the Project from about June 24, 2023 through September 8, 2023. 29 U.S.C. § 206.

34. Defendants violated the overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay the Plaintiffs one and one half times their regular hourly rate for each hour over forty that they worked during numerous work weeks between June 5, 2023 and September 8, 2023.

35. Defendants knowingly, and willfully and/or negligently violated the FLSA by failing to compensate Plaintiffs at the statutory rate for overtime hours and by failing to compensate Plaintiffs at all for work between June 24 and September 8, 2023.

36. Defendants are jointly and severally liable to the Plaintiffs for the violations of the minimum wage and overtime provisions of the FLSA.

37.     Pursuant to the FLSA, Plaintiffs seek their unpaid wages, unpaid overtime wages, liquidated damages, reasonable counsel fees and costs, and such other and further relief as deemed appropriate by the Court. 29 U.S.C. § 216(b).

## COUNT II
## VIOLATIONS OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW

38.     Plaintiffs hereby restate and incorporate by reference all of the preceding paragraphs as if set forth fully herein.

39.     Plaintiffs have standing to bring this action to recover unpaid straight and overtime wages pursuant to Md. Code Ann., Lab. § Empl. § 3-507.2(a).

40.     Defendants Charles Klein, Day-Debut, and Jiminez are "employers" within the meaning of the MDWPCL, Md. Code Ann., Lab. & Empl. § 3-501(b). Defendants are also "joint employers" of Plaintiffs under Maryland law.

41.     Defendant Harkins is a General Contractor, as that term is used in Md. Code Ann., Lab. & Empl. § 3-507.2 and is jointly and severally liable to the Plaintiffs for Defendant Charles Klein, Day-Debut, and Jiminez's violations of the MDWPCL.

42.     Defendants did not pay Plaintiffs from about June 24, 2023 to about September 8, 2023, and therefore failed to pay Plaintiffs "at least once every 2 weeks or twice in each month" in violation of the MDWPCL, Md. Code Ann., Lab. & Empl. § 3-502(a)(1)(ii).

43.     Defendants violated the MDWPCL by failing to pay Plaintiffs for straight time and overtime wages for the period of about June 5, 2023 to September 8, 2023. Md. Code Ann., Lab. & Empl. § 3-502(a)(1)(ii).

44.     Defendants Harkins, Charles Klein, Day-Debut, and Jiminez are jointly and severally liable for violations of the provisions of the MDWPCL, Md. Code Ann. Lab. § Empl. § 3-507.2(c)(2).

45. Defendants' withholding and failure to pay Plaintiffs' wages in violation of the MDPWCL was not the result of a bona fide dispute. Md. Code Ann. Lab. § Empl. § 3-507(b).

46. Pursuant to the MDWPCL, Plaintiffs seek their unpaid straight time wages, overtime wages, the penalties provided under Md. Code Ann. Lab. § Empl. § 3-507(b), reasonable counsel fees and other costs, and any such other relief this Court finds appropriate.

**COUNT III**
**VIOLATIONS OF THE MINIMUM WAGE AND**
**OVERTIME PROVISIONS MARYLAND WAGE AND HOUR LAW**

47. Plaintiffs hereby restate and incorporate by reference all of the preceding paragraphs as if fully stated herein.

48. Defendants are "employers" within the meaning of the MDWHL, Md. Code Ann. Lab. & Empl. § 3-401(b).

49. Plaintiffs have standing to bring this action to recover unpaid straight and overtime wages pursuant to the MDWHL, Md. Code Ann. Lab. & Empl. § 3-427(a).

50. Defendants failed to pay Plaintiffs all of the straight and overtime wages owed for their work on the Project for the period of about June 5, 2023 through September 8, 2023.

51. Defendants failed to pay Plaintiffs at all for the periods of about June 24, 2023 through September 8, 2023, and therefore failed to pay Plaintiffs the minimum wage required under the MDWHL, Md. Code Ann. Lab. & Empl. §§ 3-413(b)-(c), 3-414(a), 3-420(a).

52. Defendants violated the overtime provisions of the MDWHL by failing to pay Plaintiffs one and one half times their wage rate for all hours worked in excess of forty hours per week, Md. Code Ann. Lab. & Empl. §§ 3-415, 3-420.

53. Defendants willfully and knowingly violated the MDWHL by failing to pay Plaintiffs for all straight and overtime wages for their work on the Project.

54. Plaintiffs seek their unpaid straight time and overtime wages, liquidated damages, reasonable counsel fees and other costs as provided by the MDWHL, Md. Code Ann. Lab. & Empl. § 3-427(a)(1)-(3), and any such other relief this Court finds appropriate.

**COUNT IV**
**VIOLATIONS OF THE PROMPT PAYMENT**
**PROVISIONS OF THE FLSA AND MDWPCL**

55. Plaintiffs hereby restate and incorporate by reference all of the preceding paragraphs as if fully set forth herein.

56. Pursuant to the MDWPCL, Defendants are obligated to "set regular pay periods" and "pay each employee at least once in every 2 weeks or twice in each month." Md. Code Ann. Lab. & Empl. § 3-502(a).

57. The FLSA also requires that wages be paid promptly on regular payment dates.

58. For certain weeks during their employment, Defendants Charles Klein, Day-Debut, and Jiminez did not pay Plaintiffs the wages Defendants had agreed to pay, nor did Defendants pay the minimum and overtime wages required by law.

59. Defendants did not pay Plaintiffs for any hours worked on the project between about June 24, 2023 and September 8, 2023.

60. Defendants Charles Klein, Day-Debut, and Jiminez violated the FLSA, MDWHL, and MDWPCL by failing to pay minimum wages and overtime wages to Plaintiffs and for failing to pay wages promptly on regular payment dates.

61. Defendants' failure to pay minimum wages and overtime wages and to pay wages promptly on regular payment dates was done knowingly.

62. Pursuant to the FLSA and MDWPCL, Plaintiffs seek their unpaid wages, unpaid overtime wages, penalties and liquidated damages as provided by the FLSA, MDWPCL, and

MDWHL, reasonable counsel fees and costs, and such other and further relief that this Court deems appropriate.

**WHEREFORE**, the Plaintiffs pray judgment on Counts I, II, III, and IV as follows:

1. That the Court find the Defendants Charles Klein, Day-Debut, and Jiminez jointly and severally liable in the amount of unpaid wages, liquidated damages, reasonable counsel fees and costs, and such other and further relief as is deemed appropriate by the Court, pursuant to the MDWPCL, MDWHL, and the FLSA.

2. That the Court find the Defendant Harkins Builders, Inc. jointly and severally liable with Defendants Charles Klein, Day-Debut, and Jiminez for the amount of unpaid wages, liquidated damages, reasonable counsel fees and costs, and such other and further relief as is deemed appropriate by the Court, pursuant to the MDWPCL, MDWHL and FLSA.

3. That the Court find the Defendants Charles Klein, Day-Debut, and Jiminez jointly and severally liable in the amount of unpaid overtime wages, liquidated damages, reasonable counsel fees and costs, and such other and further relief as is deemed appropriate by the Court, pursuant to the MDWPCL, MDWHL and FLSA.

4. That the Court find the Defendant Harkins Builders, Inc. jointly and severally liable with Defendants Charles Klein, Day-Debut, and Jiminez for the amount of unpaid overtime wages, liquidated damages, reasonable counsel fees and costs, and such other and further relief as is deemed appropriate by the Court, pursuant to the MDWPCL, MDWHL and FLSA.

5. That the Court find Defendants Charles Klein, Day-Debut, and Jiminez jointly and severally liable in the amount of unpaid wages, an additional equivalent amount of the unpaid and late paid wages as liquidated damages, reasonable attorney's fees and costs, and such other and further relief as is deemed appropriate by the Court, for violating the prompt payment provisions of the MDWPCL and FLSA.

6. To enter judgment against all Defendants in the amount of reasonable attorneys' fees and costs incurred by the Plaintiffs in bringing this action; and

7. For such other relief as the Court may deem appropriate.

                        Respectfully submitted,

                        **O'DONOGHUE & O'DONOGHUE, LLP**

**BY:**   */s/ Andrew Costa-Kelser*
        Andrew Costa-Kelser (Bar No. 1015546)
        Tyler McCaffery, *Pro Hac Vice*
        5301 Wisconsin Avenue NW, Suite 800
        Washington, DC 20015
        (202) 362-0041
        akelser@odonoghuelaw.com
        tmccaffery@odonoghuelaw.com

Dated: May 1, 2025