IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| MILTON CORADO, *et al.*, | ) |
| *Plaintiffs*, | ) |
| v. | ) |
| DAY-DEBUT MECHANICAL, INC., *et al.*, | ) |
| *Defendants*. | ) |
| ------------------------------------------------------------ | ) Case No. 8:25-cv-01385-GLS |
| CHARLES A. KLEIN & SONS, INC., | ) |
| *Defendant/Crossclaim Plaintiff*, | ) |
| v. | ) |
| DAY-DEBUT MECHANICAL, INC., | ) |
| *Defendant/Crossclaim Defendant*, | ) |
| EDGAR J. JIMENEZ, | ) |
| *Defendant/Crossclaim Defendant*. | ) |

**ANSWER AND CROSSCLAIM**

Defendant Charles A. Klein & Sons, Inc. ("CAK"), by and through undersigned counsel, hereby submits its Answer and Affirmative Defenses to Plaintiffs' Complaint as follows:

**GENERAL DENIAL**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, CAK asserts a general denial as to those allegations contained in the Complaint that are not clearly and specifically admitted herein.

**SPECIFIC DENIALS AND RESPONSES**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, CAK further specifically responds to the allegations in the numbered paragraphs of the Complaint:

1. Denied that Day-Debut and Jiminez served as "labor brokers" to CAK and denied that Plaintiffs were employed by CAK. The remaining allegations in Paragraph 1 of the Complaint are admitted.

2. Denied that Plaintiffs were employed by CAK. Denied that CAK failed to properly compensate its employees for the work they performed on the Project. The remaining allegations in Paragraph 2 state only legal conclusions for which no response is required, and thus are denied or avoided pursuant to Rule 8(b)(6).

**PARTIES**

3. Denied that Plaintiffs were employed by CAK. CAK lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 3 of the Complaint, thus pursuant to Rule 8(b)(5) the remaining allegations are treated as denied.

4. Deny that CAK's principal place of business is located at 5200 Klee Mill Road. The remaining allegations in Paragraph 4 are admitted.

5. Denied that Day-Debut is a "labor broker." Admit that Day-Debut is a Virginia corporation with its principal office at 3400 Potomac Avenue, Apt. 1217, Arlington, VA 22202. CAK lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 5 of the Complaint, thus pursuant to Rule 8(b)(5), the remaining allegations are treated as denied.

6. Denied that Day-Debut is a "labor broker." CAK lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 6 of the Complaint, thus

pursuant to Rule 8(b)(5), the remaining allegations are treated as denied.

7. Admitted.

8. Admitted that CAK was an enterprise engaged in commerce and exceeded $500,000 annual gross volume of business. CAK lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 8 of the Complaint, thus pursuant to Rule 8(b)(5), the remaining allegations are treated as denied.

9. Denied.

10. CAK lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 10 of the Complaint, thus pursuant to Rule 8(b)(5), the allegations are treated as denied.

## JURISDICTION AND VENUE

11. It is denied that CAK violated the FLSA, MDWPCL, and MDWHL.

12. Admitted that this Court has subject matter jurisdiction over the FLSA claims and supplemental jurisdiction over the Maryland claims. Denied that CAK engaged in any violation of the FLSA, and denied that CAK engaged in any violations of Maryland law including the MDWPCL and MDWHL.

13. Admitted that venue is proper. Denied that Plaintiffs were employed by CAK. Denied that CAK failed to properly compensate its employees for the work they performed on the Project.

## FACTUAL ALLEGATIONS

14. Admitted.

15. Admitted that CAK is the mechanical subcontractor contracted to perform the plumbing work on the Project. Denied that CAK utilized labor from off the books labor brokers.

Denied CAK violated the FLSA, MDWPCL, and MDWHL. CAK lacks knowledge to admit or deny the remaining allegations in Paragraph 15 of the Complaint, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

16. Denied that Plaintiffs were employed by CAK and denied that Day-Debut and Jiminez provided time records to CAK. CAK lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 16 of the Complaint, thus pursuant to Rule 8(b)(5), the remaining allegations are treated as denied.

17. Denied.

18. Denied that CAK employed Plaintiffs or established their wages. CAK lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 18 of the Complaint, thus pursuant to Rule 8(b)(5) the remaining allegations are treated as denied.

19. Denied.

20. Denied that CAK used Day-Debut as a labor broker. Denied that Plaintiffs were employed by CAK. CAK lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 20 of the Complaint, thus pursuant to Rule 8(b)(5) the remaining allegations are treated as denied.

21. Denied that CAK agreed to pay Day-Debut and/or Jimenez at the wage rates set for each Plaintiff. CAK lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 21 of the Complaint, thus pursuant to Rule 8(b)(5) the remaining allegations are treated as denied.

22. Denied that Plaintiffs were employed by CAK. CAK lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 22 in the Complaint, thus pursuant to Rule 8(b)(5), the remaining allegations are treated as denied

23. Denied that Plaintiff Corado was employed by CAK or that CAK was responsible for paying Plaintiff Corado or owes anything to Plaintiff Corado. CAK lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 23 of the

24. Denied that Plaintiff Lopez was employed by CAK or that CAK was responsible for paying Plaintiff Lopez or owes anything to Plaintiff Lopez. CAK lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 24 of the Complaint, thus pursuant to Rule 8(b)(5) the remaining allegations are treated as denied.

25. Denied that Plaintiff Corado was employed by CAK or that CAK was responsible for paying Plaintiff Corado or owes anything to Plaintiff Corado. CAK lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 25 of the Complaint, thus pursuant to Rule 8(b)(5) the remaining allegations are treated as denied.

26. Denied that Plaintiff Corado was employed by CAK or that CAK was responsible for paying Plaintiff Corado or owes anything to Plaintiff Corado. CAK lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 26 of the Complaint, thus pursuant to Rule 8(b)(5) the remaining allegations are treated as denied.

27. Denied that Plaintiff Corado was employed by CAK or that CAK was responsible for paying Plaintiff Corado or owes anything to Plaintiff Corado. CAK lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 27 of the Complaint, thus pursuant to Rule 8(b)(5) the remaining allegations are treated as denied.

28. Denied that Plaintiff Calderon was employed by CAK or that CAK was responsible for paying Plaintiff Calderon or owes anything to Plaintiff Calderon. CAK lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 28 of the Complaint, thus pursuant to Rule 8(b)(5) the remaining allegations are treated as denied.

**COUNT I**
**VIOLATIONS OF THE MINIMUM WAGE AND**
**OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT**

29. CAK incorporates by reference and re-asserts its responses to the preceding paragraphs of the Complaint.

30. Denied.

31. The allegations in Paragraph 31 state only legal conclusions for which no response is required, and thus are denied or avoided pursuant to Rule 8(b)(6).

32. Denied that Plaintiffs were employed by CAK. The remaining allegations in Paragraph 32 state only legal conclusions for which no response is required, and thus are denied or avoided pursuant to Rule 8(b)(6).

33. Denied that CAK violated the minimum wage provisions of the FLSA by failing to pay Plaintiffs. CAK lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 33 of the Complaint, thus pursuant to Rule 8(b)(5) the remaining allegations are treated as denied.

34. Denied that CAK violated the overtime provisions of the FLSA by failing to pay Plaintiffs. CAK lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 34 of the Complaint, thus pursuant to Rule 8(b)(5) the remaining allegations are treated as denied.

35. Denied that CAK knowingly and willfully and/or negligently violated the FLSA by failing to pay Plaintiffs. CAK lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 35 of the Complaint, thus pursuant to Rule 8(b)(5) the remaining allegations are treated as denied.

36. Denied.

37. The allegations in Paragraph 37 state only legal conclusions for which no response is required, and thus are denied or avoided pursuant to Rule 8(b)(6).

## COUNT II
## VIOLATIONS OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW

38. CAK incorporates by reference and re-asserts its responses to the preceding paragraphs of the Complaint.

39. The allegations in Paragraph 39 state only legal conclusions for which no response is required, and thus are denied or avoided pursuant to Rule 8(b)(6).

40. Denied that Plaintiffs were employed by CAK. The remaining allegations in Paragraph 40 state only legal conclusions for which no response is required, and thus are denied or avoided pursuant to Rule 8(b)(6).

41. Denied.

42. Denied that Plaintiffs were employed by CAK and that CAK was responsible for paying Plaintiffs. CAK lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 42 of the Complaint, thus pursuant to Rule 8(b)(5) the remaining allegations are treated as denied.

43. Denied that CAK violated the MDWPCL. CAK lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 43 of the Complaint, thus pursuant to Rule 8(b)(5) the remaining allegations are treated as denied.

44. Denied.

45. Denied that CAK violated the MDWPCL and that Plaintiffs were employed by CAK. CAK lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 45 of the Complaint, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

46. The allegations in Paragraph 46 state only legal conclusions for which no response is required, and thus are denied or avoided pursuant to Rule 8(b)(6).

## COUNT III
### VIOLATIONS OF THE MINIMUM WAGE AND OVERTIME PROVISIONS MARYLAND WAGE AND HOUR LAW

47. CAK incorporates by reference and re-asserts its responses to the preceding paragraphs of the Complaint.

48. Denied that Plaintiffs were employed by CAK. The remaining allegations in Paragraph 48 state only legal conclusions for which no response is required, and thus are denied or avoided pursuant to Rule 8(b)(6).

49. The allegations in Paragraph 49 state only legal conclusions for which no response is required, and thus are denied or avoided pursuant to Rule 8(b)(6).

50. Denied that Plaintiffs were employed by CAK. CAK lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 50 of the Complaint, thus pursuant to Rule 8(b)(5) the remaining allegations are treated as denied.

51. Denied that Plaintiffs were employed by CAK or that CAK violated the MDWHL. CAK lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 51 of the Complaint, thus pursuant to Rule 8(b)(5) the remaining allegations are treated as denied.

52. Denied that Plaintiffs were employed by CAK or that CAK violated the MDWHL. CAK lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 52 of the Complaint, thus pursuant to Rule 8(b)(5) the remaining allegations are treated as denied.

53. Denied that Plaintiffs were employed by CAK or that CAK violated the

MDWHL. CAK lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 53 of the Complaint, thus pursuant to Rule 8(b)(5) the remaining allegations are treated as denied.

54.     The allegations in Paragraph 54 state only legal conclusions for which no response is required, and thus are denied or avoided pursuant to Rule 8(b)(6).

## COUNT IV
## VIOLATIONS OF THE PROMPT PAYMENT PROVISIONS OF THE FLSA AND MDWPCL

55.     CAK incorporates by reference and re-asserts its responses to the preceding paragraphs of the Complaint.

56.     Denied that Plaintiffs were employed by CAK. The remaining allegations in Paragraph 56 state only legal conclusions for which no response is required, and thus are denied or avoided pursuant to Rule 8(b)(6).

57.     The allegations in Paragraph 57 state only legal conclusions for which no response is required, and thus are denied or avoided pursuant to Rule 8(b)(6).

58.     Denied as to CAK. CAK lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 58 of the Complaint, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

59.     Denied that Plaintiffs were employed by CAK. CAK lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 59 of the Complaint, thus pursuant to Rule 8(b)(5) the remaining allegations are treated as denied.

60.     Denied that Plaintiffs were employed by CAK or that CAK violated the FLSA, MDWHL and MDWPCL. CAK lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 60 of the Complaint, thus pursuant to Rule 8(b)(5) the

remaining allegations are treated as denied.

61. Denied that Plaintiffs were employed by CAK or that CAK was responsible for paying Plaintiffs. CAK lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 61 of the Complaint, thus pursuant to Rule 8(b)(5) the remaining allegations are treated as denied.

62. The allegations in Paragraph 62 state only legal conclusions for which no response is required, and thus are denied or avoided pursuant to Rule 8(b)(6).

## AFFIRMATIVE AND OTHER DEFENSES

1. No employment relationship existed between CAK and Plaintiffs.

2. No agency relationship existed between the actual employer(s) of Plaintiffs and CAK.

3. CAK was not a joint employer of Plaintiffs.

4. CAK was not a joint employer with the other Defendants.

5. CAK acted in good faith at all times relevant to the allegations raised in the Complaint.

6. CAK did not engage in any intentional or willful acts with respect to any of the regular or overtime wages allegedly paid or owed to Plaintiffs.

7. CAK had no knowledge that Plaintiffs were not paid for all wages allegedly owed.

8. Any damages suffered by Plaintiffs are a direct result of the acts or omissions of others over which CAK had no control.

## **DEFENDANT CAK's CROSSCLAIM**

CAK brings this Crossclaim against Defendants Day-Debut Mechanical, Inc. ("Day-Debut") and Edgar Jimenez ("Jimenez") for contribution and indemnification and for such other and further relief as set forth below:

1. CAK incorporates by reference all of its responses to the paragraphs of the Complaint as though set forth at length herein.

2. At all times relevant hereto, CAK subcontracted with Debut to provide plumbing services at the Project (hereinafter the "Day-Debut Subcontract"). A true and accurate copy of the Day-Debut Subcontract is attached hereto as Exhibit 1.

3. Paragraph 6 of the Day-Debut Subcontract required Day-Debut, as the Subcontractor, to "provide services in accordance with the standards exercised by members of Subcontractor's profession currently practicing in the same locality under similar conditions and [to] incorporate those laws, codes and standards that are applicable at the time services are rendered."

4. Paragraph 24 of the Day-Debut Subcontract imposes an indemnification and hold harmless provision against Day-Debut as the Subcontractor and in CAK's favor to "indemnify, defend (at Subcontractor's sole expense) and hold harmless [CAK], the Owner (if different from the Contractor), . . ." from and against any and all claims for . . . damages, actions, causes of actions, suits, losses, judgments, obligations and any liabilities, costs and expenses (including but not limited to . . . attorneys; fees and costs, and consultant's fees and costs)[.]"

5. As required by the Day-Debut Subcontract, Day-Debut, by its president Edgar Jimenez, signed a separate Affidavit and Partial Releases of Liens ("Warranties") in order to

receive payments under the Day-Debut Subcontract. The Warranties in pertinent part provided that, " [t]he undersigned has paid in full all laborers, and, subject to retainage no greater than the percentage retainage held by CAK, all subcontractors, suppliers, material men, and others with respect to all work performed in the construction of the Project through the 18th day of AUGUST 2023." A true and accurate copy of the examples of the Warranties are attached as Exhibit 2.

      6.      In the Warranties, Day-Debut also further indemnified CAK as follows: The undersigned hereby agrees to indemnify and hold harmless CAK and/or its sureties, and superior contractor owner or architect of the Project and/or its lenders and guarantors from any and all damages, costs, expenses, demands, and suits (including reasonable attorney's fees) directly or indirectly relating to any cause of action, claim or lien filing by any party with respect through the 18th day of AUGUST 2023, (ii) any rights waived or released herein; and (iii) any misrepresentation or breach of any certification, affirmation or warranty made by the undersigned in this Affidavit and Partial Release of Liens. Upon the request of CAK, its sureties, any superior contractor, owner, or architect of the Project or its lenders and guarantors, the undersigned will undertake to defense such cause of action, claim or lien filling at its sole cost and expense. Exh. 2 at ¶ III.

      7.      Upon information and belief, at all times relevant hereto, Plaintiffs were employed by Day-Debut to perform plumbing services under the Day-Debut Subcontract.

## COUNT I - BREACH OF CONTRACT
**(Day-Debut)**

      8.      CAK repeats and incorporates by reference Paragraphs 1-7 as if fully set forth herein.

      9.      To the extent Plaintiffs may establish liability against CAK for violations of

the FLSA, MDWHL and/or the MDWPCL, as asserted in Counts I – IV of Plaintiffs' Complaint, those alleged violations were committed solely by Day-Debut.

10. Any and all alleged violations of the FLSA, MDWHL and/or the MDWPCL constitute a breach by Day-Debut of Paragraph 6 of the Day-Debut Subcontract based on Day-Debut's failure to provide services in accordance with the applicable laws.

11. To the extent CAK is found liable for any alleged violations of the FLSA, MDWHL and/or the MDWPCL as alleged in the Complaint, CAK will have suffered damages, including but not limited to attorney's fees and costs, due to Day-Debut's breach of Paragraph 6 of the Day-Debut Subcontract.

### COUNT II – EXPRESS INDEMNIFICATION BY CONTRACT
(Day-Debut)

12. CAK repeats and incorporates by reference Paragraphs 1-11 as if fully set forth herein.

13. CAK is incurring and continues to incur damages in the form of attorney's fees in the defense of the Complaint and in the initiation and prosecution of this Crossclaim.

14. The damages suffered by CAK are a direct result of Day-Debut's failure to provide services in accordance with Paragraph 6 of the Day-Debut Subcontract and alleged failure to comply with the applicable provisions of the FLSA, MDWHL and/or the MDWPCL with respect to Day-Debut's employment of Plaintiffs.

15. Pursuant to Paragraph 22 of the Day-Debut Subcontract, Day-Debut is responsible for indemnifying CAK for any and all damages, attorney's fees and costs incurred in CAK's defense of the claims alleged in the Complaint.

16. Pursuant to Paragraph 22 of the Day-Debut Subcontract, Day-Debut is responsible for indemnifying CAK for any and all damages, attorney's fees and costs

awarded against CAK to Plaintiffs.

## COUNT III – BREACH OF CONTRACT
### (Day-Debut)

17.  CAK repeats and incorporates by reference Paragraphs 1-16 as if fully set forth herein.

18.  The Warranties are valid and binding agreements between CAK and Day-Debut.

19.  Under the terms of the Warranties, Day-Debut represented under oath that all laborers and subcontractors it engaged on the Project were fully paid for their services.

20.  Under the terms of the Warranties, Day-Debut agreed to indemnify CAK for any and all damages, attorney's fees and costs with respect to all causes of action arising through the date of the warranty and for "any misrepresentation, breach of any certification, affirmation or warranty made by" Day-Debut in the Warranties.

21.  Under the terms of the Warranties, Day-Debut is obligated to indemnify CAK for its defense of the claims asserted by Plaintiffs and to the extent Plaintiffs may prove their claims against Day-Debut, indemnify CAK against any damages.

## COUNT IV – STATUTORY INDEMNIFICATION
### (Day-Debut and Jimenez)

22.  CAK repeats and incorporates by reference Paragraphs 1-21 as if fully set forth herein.

23.  Pursuant to Md. Code Ann. Lab. & Emp. § 3-507.2(c), Day-Debut, to the extent not covered by the Day-Debut Subcontract and Warranties, and Jimenez, are required to indemnify CAK for all wages, damages, interest, penalties or attorney fees owed as a result of the subcontractor's violations.

24. To the extent Plaintiffs may prove their claims against Day-Debut and Jimenez, and CAK is found liable, CAK seeks indemnification from Day-Debut and/or Jimenez for any such liability

## PRAYER FOR RELIEF

WHEREFORE, Charles A. Klein & Sons, Inc. demands judgment against Day-Debut Mechanical, Inc. and Edgar Jimenez, and seeks damages in the amount of any judgment awarded to Plaintiffs; and for the attorney's fees and costs incurred by CAK in defending against the claims asserted in the Complaint, and in prosecuting the Crossclaim, as well as any additional relief deemed appropriate by the Court.

DATED:  July 3, 2025            Respectfully submitted,


/s/  Amy M. Heerink
Amy M. Heerink (Federal Bar No. 20575)
O'HAGAN MEYER, PLLC
2560 Huntington Avenue, Suite 204
Alexandria, VA 22303
(703) 775-8603
aheerink@ohaganmeyer.com
mbarnsback@ohaganmeyer.com

*Counsel for Defendant/Crossclaim Plaintiff Charles A. Klein & Sons, Inc. and Defendant Harkins Builders, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 3, 2025, the above document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Amy M. Heerink*
Amy M. Heerink